UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 23-cv-23832-BLOOM/Otazo-Reyes**

GENSCO LABORATORIES LLC, d/b/a
GENSCO PHARMA, a Florida limited
liability company,

      Plaintiff,

v.

WALTER BUGNO, STEPHEN LOADER,
and DOMINIC GALATI,

      Defendants.
_____/

**PLAINTIFF'S RESPONSE IN AGREEMENT TO DEFENDANTS'
MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

Plaintiff Gensco Laboratories LLC d/b/a Gensco Pharma ("Gensco") agrees to arbitration as requested by Defendants Walter Bugno, Steven Loader, and Dominic Galati (collectively, "Defendants") in their Motion to Compel Arbitration and Stay Proceedings, [ECF No. 10]. Thus, Gensco joins Defendants in respectfully requesting that this Court enter an order: (i) compelling arbitration in this district, Miami, Florida, under the International Chamber of Commerce's Arbitration Rules and (ii) staying these proceedings.

    1.    On October 12, 2023, Defendants filed their Motion to Compel Arbitration and Stay Proceedings, [ECF No. 10], and Motion to Dismiss, [ECF No. 11]. In the Motion to Dismiss, Defendants asked that the Court resolve their Motion to Compel Arbitration first. [ECF No. 11] at 1 ("As explained in Defendants' separate motion to compel arbitration filed contemporaneously herewith, Plaintiff is bound by an agreement to arbitrate, and should be compelled to arbitrate this dispute. If the Court declines to compel Plaintiff to arbitrate, and reaches this motion, it should dismiss the claims.").

2. In the Motion to Compel Arbitration, Defendants asked the Court to "compel all of Plaintiff's claims to arbitration and stay these proceedings pending resolution of the arbitration, as is required under the New York Convention and FAA [Federal Arbitration Act, 9 U.S.C. §§ 1-16]." [ECF No. 10] at 19. Defendants argued that the Exclusive License Agreement "represents a valid and enforceable agreement to arbitrate under the New York Convention, because it conveys the parties' intention to arbitrate their disputes." [*Id.*] at 6.

3. Plaintiff agrees with the relief that Defendants seek and requests that the Court order arbitration of this proceeding.

4. Further, Plaintiff agrees with Defendants that Section 4 of the FAA enables the court to compel arbitration in its own district. *See* [*Id.*] at 7-8; *see also* 9 U.S.C. § 4 ("The hearing and proceedings, under [an arbitration] agreement, shall be within the district in which the petition for an order directing such arbitration is filed."); *Cosgun v. Seabourn Cruise Line Limted Inc.*, 2023 WL 2660243, at *15 (S.D. Fla. Mar. 28, 2023), *appeal dismissed sub nom. Cosgun v. Seabourn Cruise Line Ltd. Inc.*, 2023 WL 4112993 (11th Cir. June 22, 2023) (Section 4 of the FAA "supplement[s] § 206 by giving a court the ability to compel arbitration in its own district."); *Jain v. de Mere*, 51 F.3d 686, 690 (7th Cir. 1995) ("[9 U.S.C.] § 4 not only permits but requires a court to compel arbitration in its own district when no other forum is specified."); *Bauhinia Corp. v. China Nat'l Mach. & Equip. Imp. & Exp. Corp.*, 819 F.2d 247, 250 (9th Cir. 1987) ("In the absence of a term specifying location, a district court can only order arbitration within its district."); *Internaves de Mexico s.a. de C.V. v. Andromeda Steamship Corp.*, 898 F.3d 1087, 1092-93 (11th Cir. 2018) (citing *Jain*, 51 F.3d 686, with approval, and observing that under the New York Convention, "if the parties agreed to arbitrate, but failed to provide for a forum, then the court must compel arbitration, but only within its own district pursuant to the provisions found in

Chapter 1") (citations omitted). Thus "any order to compel arbitration in this proceeding should designate Miami, Florida, as the place of arbitration." [ECF No. 10] at 8.

5. Defendants also identify that "the Arbitration Agreement's reference to the 'International Court of Arbitration' is valid and enforceable, as U.S. courts accept that this phrase refers to the International Court of Arbitration of the International Chamber of Commerce." [*Id.*] Additionally, that "[t]his designation has the effect of incorporating by reference the ICC's arbitral rules that provide for arbitration of any 'gateway' issues of arbitrability." [*Id.*] at 14. Accordingly, Plaintiff agrees to arbitrate under the Rules of the International Chamber of Commerce.

6. Lastly, as Defendants state in their Motion, "a court granting a motion to compel arbitration 'shall' stay proceedings until the arbitration concludes. 9 U.S.C. § 3." [ECF No. 10] at 18-19. Plaintiff agrees with Defendants and requests that the Court stay these proceedings.

**WHEREFORE**, Plaintiff Gensco Laboratories LLC d/b/a Gensco Pharma respectfully requests that the Court grant Defendants' Motion to Compel Arbitration and Stay Proceedings, compel arbitration in this district under the International Chamber of Commerce's Arbitration Rules, and stay these proceedings pending resolution of the arbitration.

Dated: November 9, 2023

Respectfully submitted,

**HOLLAND & KNIGHT LLP**
701 Brickell Avenue, Suite 3300
Miami, Florida 33131
Telephone: (305) 789-7723
Fax: (305) 789-7799

*/s/ Brian A. Briz*
Wifredo A. Ferrer
Fla. Bar No. 887005
wifredo.ferrer@hklaw.com
Matthew Z. Zimmerman
Fla. Bar No. 11484
matthew.zimmerman@hklaw.com
Brian A. Briz

Fla. Bar No. 657557
brian.briz@hklaw.com
Nicole S. Alvarez
Fla. Bar No. 1026071
nicole.alvarez@hklaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 9, 2023, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send electronic notification to all CM/ECF participants in this case.

*/s/ Brian A. Briz*